**IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

USA,

Plaintiff(s),

v.                                                    Case No.  19 CR 486
                                                      Judge  Edmond E. Chang
Robert Anthony Haas,

Defendant(s).

## ORDER

Jury trial held. The parties delivered closing arguments. Jury deliberations began; jury notes received and responded to; jury deliberations ended. The jury returned a verdict. Defendant was found guilty on all counts, that is, Counts 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13 of the Second Superseding Indictment. The Court offered to re-appoint Dena Singer (who was standby counsel), with the understanding that she would be his lawyer for all purposes going forward (that is, post-trial motions and sentencing, not just one or the other), and Defendant agreed. Defendant's post-trial motions, if any, due by 08/20/2020. The government's response is due by 09/08/2020. Any defense reply is due by 09/22/2020. Local Criminal Rule 32.1(d) requires that, after a determination of guilt, "the attorney for the defendant and the defendant, unless in custody, shall report immediately to the probation department to begin the presentence investigation." Defendant shall participate in an interview, if any, with the probation department, within 14 days after the determination of guilt. The case is referred to the Probation Office for preparation of the presentence report. As required by Local Rule 32.1(e), the government shall submit its version by 08/20/2020. Defendant must submit his version by 08/27/2020. ***The Court alters the sentencing memoranda deadlines in light of the re-appointment of defense counsel. Government's sentencing memorandum discussing 18 U.S.C. 3553(a) factors or objections to the presentence report must be filed on or before 09/29/2020. Defendant's combined sentencing memorandum and response due by 10/13/2020. Any reply to be filed by 10/27/2020. Sentencing set for 11/03/2020 at 1:30 p.m. The parties are alerted that the Court sets aside both substantial in-advance preparation time and substantial in-court time for sentencing hearings. Any motion to continue a sentencing must be made in writing, well in advance of sentencing, and must expressly set forth good cause for a continuance. After balancing the factors discussed in United States v. Peterson, 711 F.3d 770, 779 (7th Cir. 2013), the Court has decided to generally require the Probation Office to provide a copy of its Sentencing Recommendation to Defendant's counsel and to the government's

counsel, and that requirement applies here. In defense counsel's sentencing memorandum, she shall file a statement addressing whether Defendant agrees to proceed by video or telephone, or instead prefers in-person (it is up to Defendant, the Court is simply offering remote methods to minimize in-person court appearances).

(T:6:30)

Date: 8/6/2020

Edmond E. Chang
U.S. District Court Judge